UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 5:11-CV-602-FL

| | | |
|---|---|---|
| ANNAPURNA DEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BRUCE MEIER, ROBERTA BENTON, | ) | |
| EVELYN STURDIVANT, DUKE | ) | |
| HEALTH TECHNOLOGY SOLUTIONS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr., regarding defendants' motion to enforce an arbitration award and to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (DE # 21). Plaintiff has responded to defendants' motion and defendants have replied. Plaintiff has also filed in opposition to the M&R, to which defendants responded. In this posture, the issues raised are ripe for ruling.

BACKGROUND

Plaintiff initiated the instant action, *pro se*, by complaint filed October 31, 2011, alleging violations of Title VII of the Civil Rights Act of 1964 for employment discrimination. Compl. ¶¶ 3, 6. With benefit of the parties' briefing, the magistrate judge submitted an M&R, proposing that this court grant defendants' motion to enforce arbitration and dismiss the case.

The magistrate judge concluded that the arbitration proceedings were conducted without bias, and so the arbitration award should be confirmed. The magistrate judge further found that the

complaint should be dismissed for lack of subject matter jurisdiction because all of plaintiff's claims were already arbitrated, the individual defendants are not subject to suit under the Title VII definition of "employers," and defendant Duke Health Technology Solutions ("DHTS') never was properly served.

COURT'S DISCUSSION

This court reviews *de novo* the parts of the M&R to which plaintiff objects. Plaintiff first objects to the finding of improper service upon defendant DHTS, for which summons was returned by the United States Postal Service. Plaintiff's objection is immaterial to the outcome because the court lacks subject matter jurisdiction. Even if service was perfected and personal jurisdiction over defendant DHTS achieved, plaintiff's case still would be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Second, plaintiff lists objections that re-allege bias in the arbitration process and employment discrimination. Upon *de novo* review of the record, this court adopts the findings of the magistrate judge that the arbitration process was conducted without bias, and that the employment discrimination claims cannot be re-asserted in this court.

This court has reviewed the parties' briefings, the M&R, and the law applicable to the issues presented by defendants' motion. This court finds no error with the well-researched, thoughtful M&R submitted by the magistrate judge. Accordingly, this court hereby ADOPTS that recommendation as its own, and, for the reasons stated more fully in the M&R, defendants' motion is GRANTED.

CONCLUSION

For the reasons given, defendants' motion to enforce an arbitration award and to dismiss the

2

complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (DE # 21), is GRANTED. The clerk is directed to close the case.

SO ORDERED, this the 12th day of February, 2013.

LOUISE W. FLANAGAN
United States District Judge